UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MAYRA VALLE AVILES,

       Plaintiff,                                       Civil No. 06-1447-HA
                                                      ORDER

LEO BESNER, *et al.,*

       Defendants.

---

HAGGERTY, Chief Judge:

      Plaintiff has filed two Motions to Compel. The First Motion [36] seeks defendant Besner's state and federal tax returns for the years 2003, 2004, 2005, 2006, and 2007, and all assets and property owned by defendant Besner, "including but not limited to accounts, stocks, bonds, IRAs, pensions, present value of life insurance policies, real estate, vehicles of any type, including automobiles, motorcycles, boats, airplanes, and any other property of any value, titled or not titled." Pl.s First Mo. Compel at 2.

      The Second Motion [44] seeks to compel more complete responses to plaintiff's Second Set of Discovery Requests regarding police training in the use of TASER weapons.

1 - ORDER

These discovery disputes are addressed in turn.

1.   First Motion – Defendant Besner's Financial Worth

Plaintiff seeks production of discovery regarding defendant Besner's tax returns and assets pursuant to a possible punitive damages claim and award.  Defense counsel opposes this request on grounds that because defendant Besner is entitled to indemnification by the city of Portland, there is no need to compromise Besner's privacy and safety interests by allowing such discovery.  Defendant acknowledges that his reliance upon the city's indemnification of any punitive damages precludes his introduction of evidence regarding limited financial resources in an effort to reduce a possible award.

Plaintiff contends that the jury should be entitled to know whether Besner is a "secret millionaire," so that it could assess an award that would "sting him properly."  Pl.s Reply at 2.

Regardless of plaintiff's hopes of asserting a successful punitive damages claim against a "secret millionaire," defendant has represented that Besner will be indemnified for any recovery, including punitive damages.  Notwithstanding plaintiff's assertions, Portland's indemnification policy does not "take away" the remedy of punitive damages.  Plaintiff may still recover punitive damages, but the "sting" of the recovery would not be borne by Besner personally.  Plaintiff's wishes to the contrary fail to render information about Besner's taxes and assets properly discoverable.

2.   Second Motion – TASER information

Plaintiff's other discovery motion pertains to her requests for all policies, manuals, and training information regarding the proper use of the TASER by police officers.  Specifically, plaintiff requests that defendants be compelled to address these requests:

2 - ORDER

**REQUEST NO. 17:** All policies, manuals, training material, orders, memoranda or other documents of any kind, whether created by the PPB [Portland Police Bureau] or not, describing or referring to in any manner the proper use of the TASER by police officers;

**REQUEST NO. 18:** All illustrations, photographs, videotapes and other depictions of any type demonstrating the use of the TASER model used by PPB officers; and

**REQUEST NO. 19:** All training material, promotional material and other documents of any kind provided to the PPB by the manufacturer of the TASER used by PPB officers, as well as any such material provided by any agent or dealer of the TASER.

Defendants have produced some information related to TASER use, but "assert the official information privilege as to sensitive Taser training, tactics, and technical documents." Dfts. Response at 2. Defendants refuse to consent to "unregulated dissemination of use-of-force tactics or Taser operational details because of the substantial risk that plaintiff could provide police documents to members of a violent street gang, and the need to limit dissemination of police tactics in the use of Tasers." *Id*. However, defendants agree to produce the requested information to plaintiff's attorneys after the entry of an appropriate protective order. Defendants assert that plaintiff has refused to stipulate to the entry of any protective order.

Counsel for defendants "respectfully request that the Court grant defendants' Motion for Protective Order and deny plaintiff's [Second] Motion to Compel." Dfts. Response at 5. The court notes that as of the date of this Order, there has been no Motion for a Protective Order filed in this litigation. The court therefore now construes defendants' Response brief as serving as a request to file such a motion.

3 - ORDER

"Federal Rule of Civil Procedure 26(c) states that when a party or other person from whom discovery is sought makes a motion asserting good cause for a protective order, 'the court in which the action is pending . . . may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense,' based on any of several listed reasons." *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1130 (9th Cir. 2003).

Generally, however, the public is given "access to litigation documents and information produced during discovery." *Fischer v. City of Portland*, 2003 WL 23537981, at *2 (D. Or. August 22, 2003), (citing *Phillips v. Gen. Motors Corp.*, 307 F.3d 1206, 1210 (9th Cir. 2002) (fruits of pretrial discovery are, in the absence of a court order to the contrary, presumptively public). The party seeking to limit that access "bears the burden, for each particular document it seeks to protect, of showing that specific prejudice or harm will result if no protective order is granted." *Id.*, (quoting *Foltz*, 331 F.3d. at 1130). "Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c) test." *Id.* (internal quotations omitted).

The court may issue protective orders that protect classes of documents upon a threshold showing of appropriate circumstances warranting such umbrella protection. *Id*. Any such order limiting access for good cause requires that the court's determination "identify and discuss the factors it considered in its 'good cause' examination to allow appellate review of the exercise of its discretion." *Phillips*, 307 F.3d at 1212.

Within these parameters, counsel for defendants is ordered to file a formal Motion for a Protective Order, and a Proposed Protective Order, regarding plaintiff's requests for TASER

4 - ORDER

discovery. Defendants shall also file a supporting memorandum addressing whether specific prejudice or harm will result if no protective order is granted. Counsel is reminded that broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, will not satisfy the Rule 26(c) test.

This Motion, Proposed Protective Order, and supporting memorandum must be filed no later than November 26, 2007. Plaintiff's responsive briefing is due December 3, 2007. The court will then resolve plaintiff's Second Motion to Compel and defendants' Motion for a Protective Order without further briefing or argument.

**CONCLUSION**

Plaintiff's First Motion to Compel [36] seeking defendant Besner's tax returns and financial asset information is denied. A ruling on plaintiff's Second Motion to Compel [44] seeking information about TASER weaponry and training is reserved pending resolution of Defendants' Motion for a Protective Order, which must be filed no later than November 26, 2007. Plaintiff's responsive briefing to that motion must be filed by December 3, 2007.

IT IS SO ORDERED.

DATED this  13  day of November, 2007.

                                              /s/ Ancer L. Haggerty
                                                Ancer L. Haggerty
                                        United States District Judge